E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 16 2018 1:30 PM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06456-8

1

2

3

4

5

6

7           IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

8                        IN AND FOR PIERCE COUNTY

9   RALEIGH JOHNSON and JENNIFER HOWSE,
    on their own behalf and on the behalf of all
10  others similarly situated,                     NO.

11              Plaintiffs,                         **CLASS ACTION COMPLAINT**

12      v.

13  MULTICARE HEALTH SYSTEM, a
    Washington non-profit corporation.
14
                Defendant.
15
         Plaintiffs RALEIGH JOHNSON and JENNIFER HOWSE ("Plaintiffs"), individually
16
    and on behalf of all others similarly situated, by and through their attorneys of record, for their
17
    complaint against Defendant MULTICARE HEALTH SYSTEM ("Defendant") hereby state and
18
    allege as follows:
19
                              I.    **INTRODUCTION**
20
         Plaintiffs bring this action on behalf of themselves and those similarly situated against
21
    Defendant to recover unpaid wages, including unpaid overtime wages, exemplary damages,
22
    interest, and attorneys' fees and costs, and to obtain injunctive relief. Plaintiffs seek to redress
23
    the unlawful effects of Defendant MultiCare Health System's policies and practices of failing to

CLASS ACTION COMPLAINT - 1

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    compensate its employees who are non-exempt and similarly situated to Plaintiffs from overtime
2    for missed rest periods, failing to provide such employees with statutorily required uninterrupted
3    meal breaks while automatically deducting time worked for such purported meal breaks. Such
4    policies and practices, as alleged below, all violate Washington law.  Plaintiffs bring this action
5    to remedy Defendant's willful violations of Washington wage laws against its employees who
6    are not exempt from overtime and similarly situated to Plaintiffs.

7                                        **II.    PARTIES**

8         2.1       Plaintiffs Johnson and Howse are individuals residing in Spanaway and Tacoma
9    Washington, respectively. Plaintiff Johnson worked for Defendant in Tacoma, Washington from
10   2005 to November 2017 and Plaintiff Howse has worked for Defendant in Tacoma, Washington
11   since 2014 to the present. Both Plaintiffs have been hourly, non-exempt Washington employees
12   of Defendant who have been employed by Defendant within three years of the date of this
13   complaint.

14        2.2       Defendant, MultiCare Health System, is a non-profit Washington Corporation
15   that provides medical services in facilities throughout Washington State, including in Pierce
16   County. Defendant has employed Plaintiffs and the proposed class members in the state of
17   Washington.

18                                **III. JURISDICTION AND VENUE**

19        3.1       Jurisdiction and venue are proper as the alleged acts occurred in Pierce County,
20   Washington, and all parties have availed themselves of the laws of Washington state. The claims
21   asserted in this complaint are brought solely under state law causes of action and are governed
22   exclusively by Washington law.

23

CLASS ACTION COMPLAINT - 2

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

3.2     Defendant is a citizen of Washington for purposes of the Class Action Fairness Act. Federal jurisdiction is inappropriate under the Class Action Fairness Act because of Defendant's Washington citizenship and two-thirds or more of the members of the proposed plaintiff Class in the aggregate are citizens of Washington. Defendant transacts business in Peirce County, Washington.

## IV.    FACTS

4.1     Defendant is a medical services provider that provides a variety of medical services throughout Washington State, including but not limited to King County. Defendant operates Tacoma General Hospital ("TGH") in Tacoma, Washington.

4.2     Washington law requires Defendant to (1) accurately track the number of hours its non-exempt employees work and (2) pay its non-exempt employees for all hours worked. Defendant uses an electronic timekeeping system.

4.3     Defendant employs phlebotomists. Phlebotomists are non-exempt employees of Defendant working at TGH, including but not exclusively at the "Lab Phlebotomy TGH" Department at TGH. Phlebotomists have jobs titles including but not limited to "phlebotomist," "lab assistant / phlebotomist," "phlebotomist / lab aide," and "medical lab technician." Phlebotomists are responsible for, among other things, obtaining blood specimens from patients at TGH.

4.4     Defendant requires phlebotomists to use an electronic timekeeping system to track the start and end of their shifts.

4.5     Plaintiffs and other phlebotomists at TGH have generally been scheduled to work 10 hour shifts per day, with one 30-minute unpaid meal period automatically deducted from their pay per shift.

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    4.6    Defendant requires that phlebotomists do not to punch in or punch out at the

2  beginning and end of their meal breaks.

3    4.7    Defendant requires that phlebotomists do not to punch in or punch out at the

4  beginning and end of their rest breaks.

5    4.8    Defendant automatically deducts 30 minutes of compensable work time for a

6  purported meal break for every five hours worked by phlebotomists from their total hours worked

7  in lieu of tracking meal periods.

8    4.9    Defendant requires phlebotomists to remain on premises ready to respond to

9  patient and doctor needs while purportedly taking meal and rest breaks.

10    4.10    Defendant requires phlebotomists to be available for calls during break times,

11  including carrying employer issued mobile phones at all times.

12    4.11    Defendant's staff at TGH have routinely interrupted Plaintiffs' purported meal

13  and rest breaks to perform work because Defendant has not had staff to backfill or float to

14  accommodate Plaintiffs' meal and rest breaks.  On information and belief, this was and remains

15  a policy and practice common to all proposed Class members.

16    4.12    Plaintiffs and other phlebotomists are often not compensated for their meal and

17  rest breaks even when they report a missed meal or rest break.

18    4.13    Plaintiffs and other phlebotomists consistently missed and continue to miss breaks

19  required by WAC 296-126-092. Contrary to state law, such non-exempt employees are not

20  compensated for missed breaks.

21    4.14    Defendant's "overtime approval" policy strongly discourages phlebotomists to

22  record overtime work without prior management approval.

23

CLASS ACTION COMPLAINT - 4

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1       4.15    As a result of Defendant's "overtime approval" policy, Plaintiffs and other
2 phlebotomists have frequently not received overtime when they worked more than 40 hours a
3 week.

4       4.16    As a result of Defendant's "overtime approval" policy, Plaintiffs and other
5 phlebotomists have frequently worked through their meal and rest breaks without compensation
6 in order to meet Defendant's job requirements.

7       4.17    Defendant's policy requires that paid time for phlebotomists be rounded in 7-
8 minute increments. For example, when a phlebotomists clocks in at 10:53 a.m. for a shift
9 scheduled at 11:00 a.m., the time keeping system would report that s/he started working at 11:00
10 a.m., accordingly denying the employee 7 minutes of compensable time. If the employees had a
11 shift that ended at 6:00 p.m. and clocked out at 6:07 p.m., the time keeping system would report
12 that the employees ended their shift at 6:00 p.m. which again leads to a shortfall in pay.

13       4.18    In theory, Defendant would round down a proposed Class member's time if s/he
14 clocked in 1-7 minutes after the scheduled shift, and Defendant would round up a proposed Class
15 member's time if s/he clocked in 7 minutes or less before their shift. Defendant's policy subjects
16 phlebotomists to written discipline for having even clocked in one minute late. This makes it very
17 difficult, if not impossible, for such employees to have their compensable time rounded in a
18 manner that is not beneficial just to Defendant and detrimental to themselves. Therefore,
19 Defendant's time rounding practices are not neutral.

20       4.19    Defendant would prohibit and/or discourage Plaintiffs to clock out more than 7
21 minutes after the end of their shift. On information and belief, this was a policy and practice
22 common to all proposed Class members.

23

CLASS ACTION COMPLAINT - 5

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    4.20    Defendant's policy penalized Plaintiffs if they clocked in even one minute after

2  the start of their shift according to Defendant's tardy policy.  On information and belief, this was

3  a policy and practice common to all proposed Class members.

4    4.21    Defendant's policy prohibits employees from clocking out within seven minutes

5  before the end of their shift. On information and belief, this was a policy and practice common

6  to all proposed Class members.

7                              **V.    CLASS ALLEGATIONS**

8    5.1    Plaintiffs bring this case as a class action pursuant to Washington Civil Rule 23

9  on behalf of the following Class:

10        All Washington citizens who, at any time from three years prior to the
          filing of this Complaint through the date of final judgment, worked for
11        Defendant Multicare Health Systems at Tacoma General Hospital as
          phlebotomists, including but limited to those in the Phlebotomy Lab
12        department and/or in the Laboratory / Pathology job category.

13    5.2    Commonality: As enumerated above, Defendant engaged in common acts,

14  practices and policies that violated the Plaintiffs' and proposed Class members' rights under

15  Washington state wage and hour laws. Accordingly, Plaintiffs seek certification of the proposed

16  Class under CR 23.

17    5.3    Plaintiffs' claims meet the requirements for certification. There is a well-defined

18  community of interest in the litigation and the proposed Class members are readily

19  ascertainable.

20        a.    Numerosity: The proposed Class is so numerous that joinder of all

21  proposed Class members is infeasible and impractical. The membership of the proposed Class

22  is unknown to Plaintiffs at this time. However, based on Plaintiffs' investigation, and on

23  information and belief, the number of proposed Class members is reasonably estimated to

CLASS ACTION COMPLAINT - 6

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1 | exceed 40. The identity of proposed Class members is readily ascertainable from Defendant's

2 | employment records.

3 |         b.      Typicality: Plaintiffs' claims are typical of the proposed Class.

4 |         1.      Plaintiffs were hourly, nonexempt employees. Defendant employed

5 | Plaintiffs as phlebotomists.

6 |         2.      Plaintiffs' claims stem from the same practices or course of conduct that

7 | form the basis of the class claims.

8 |         3.      All of the proposed Class members' claims are based on the same facts

9 | and legal theories.

10 |         4.      There is no antagonism between Plaintiffs' interests and the proposed

11 | Class members, because their claims are for damages provided to each individual employee by

12 | statute.

13 |         5.      The injuries that Plaintiffs suffered are similar to the injuries that the

14 | proposed Class members suffered and continue to suffer, and they are relatively small

15 | compared to the expenses and burden of individual prosecutions of this litigation.

16 |         c.      Adequacy: Plaintiffs will fairly and adequately protect the interests of the

17 | proposed Class because:

18 |         1.      There is no conflict between Plaintiffs' claims and those of their

19 | proposed Class members.

20 |         2.      Plaintiffs acknowledge that they have an obligation to make known to

21 | the Court any relationship, conflicts or differences with any proposed Class member.

22 |         3.      Plaintiffs agree to actively participate in the case and protect the interests

23 | of the proposed Class members.

CLASS ACTION COMPLAINT - 7

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1        4.      Plaintiffs have retained counsel experienced in handling wage-and-hour

2    class actions who have already devoted substantial time and resources to investigating the

3    proposed Class members' claims and who will vigorously prosecute this litigation.

4        5.      Plaintiffs' claims are typical of the claims of proposed Class members in

5    that their claims stem from the same practice and course of conduct that forms the basis of the

6    class claims.

7        d.      Superiority: Class action adjudication is superior to other methods of

8    adjudication for at least the following reasons:

9        1.      The common questions of law and fact described below predominate

10   over questions affecting only individual members, and the questions affecting individuals

11   primarily involve calculations of individual damages.

12       2.      There is no antagonism between Plaintiffs' interests and the proposed

13   Class members, because their claims are for damages provided by statute.

14       f.      Public Policy Considerations: Certain employers in Washington

15   regularly violate wage and hour and other employment laws. The value of individual and

16   employee claims is often small as compared with the relative cost of litigation. Current

17   employees are often afraid to assert their rights out of fear of retaliation. Class actions provide

18   Class Members who are not named in the Complaint with a type of anonymity that allows for

19   the vindication of their rights, while at the same time, protection of their privacy.

20       g.      Predominance: There are questions of law and fact common to the

21   proposed Class members, which predominate over any issues involving only individual class

22   members, including but not limited to:

23

CLASS ACTION COMPLAINT - 8

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924
Exh. A - Complaint
Page 012 of 19

1            1.     Whether Defendant has a practice of failing to pay proposed Class

2  members for missed or shortened meal and rest breaks;

3            2.     Whether Defendant has a policy or practice of requiring proposed Class

4  members to remain on the work premises and to be on call during rest periods;

5            3.     Whether Defendant should be required to compensate proposed Class

6  members for every meal period because employees remain on-call, are not free to leave, and must

7  be available to respond to patient needs and emergencies;

8            4.     Whether proposed Class members are frequently required to work through

9  their meal and rest breaks due to working conditions;

10           5.     Whether proposed Class members were paid for all time worked;

11           6.     Whether proposed Class members were not paid the required time and

12  one-half the regular rate of pay for all hours worked over 40 hours as a result of missed meal and

13  rest periods and other work in violation of Washington law;

14           7.     Whether Defendant failed to promptly pay all wages due to Plaintiffs and

15  other proposed Class members who are former employees upon discharge or resignation of their

16  employment; and,

17           8.     Whether Defendant's conduct was willful or reckless.

18              **VI.**       **CAUSES OF ACTION**

19                **FIRST CAUSE OF ACTION**
**(Failure to Pay Wages Owed in Violation of Washington Law)**

20

21      6.1    Plaintiffs reallege the above paragraphs of the Complaint and thereby incorporate

the same by reference.

22

23      6.2    Defendant's practice of failing to provide or pay Plaintiffs and the proposed Class

for all breaks deprived them of pay for all straight time and overtime hours actually worked, in

CLASS ACTION COMPLAINT - 9

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1  violation of Washington law, including RCW 49.12 *et seq.*, RCW 49.46.020, RCW 49.46.090,

2  RCW 49.46.130, RCW 49.52.050 and WAC 296-126-092.

3      6.3  Defendant further failed to pay Plaintiffs and the proposed Class for all time

4  worked;

5      6.4  As a result of Defendant's acts and omissions, Plaintiffs and the proposed Class

6  have been damaged in amounts to be proven at trial.

7  **SECOND CAUSE OF ACTION**

8  **(Willful Withholding of Wages in Violation of Washington Law)**

9      6.5  Plaintiffs reallege the above paragraphs of the Complaint and thereby incorporate

10  the same by reference.

11      6.6  The above acts by Defendant, based on its own policies and practices, were willful

12  and with the intent to deprive Plaintiffs and the proposed Class of all their wages owed, in

13  violation of RCW 49.52.050 and RCW 49.52.070, entitling Plaintiffs and the proposed Class to

14  compensatory damages, double damages, attorneys' fees, and costs.

15      6.7  As a result of Defendant's acts and omissions, Plaintiffs and the proposed Class

16  have been damaged in amounts to be proven at trial.

17  **VII:   PRAYER FOR RELIEF**

18

19      Wherefore, Plaintiffs, on their own behalf and on behalf of the members of the proposed

Class, prays for judgment against Defendant as follows:

20      A.  Certify the proposed Class;

21      B.  Appoint Plaintiffs as Class representative;

22      C.  Appoint the undersigned attorneys as Class counsel;

23      D.  Declare that the actions complained of herein violate Washington's statutes and

CLASS ACTION COMPLAINT - 10

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924
Exh. A - Complaint
Page 014 of 19

1 | administrative codes;

2 |       E.      Award Plaintiffs and Class members compensatory, liquidated, and exemplary

3 | damages;

4 |       F.      Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;

5 |       G.      Award pre-judgment and post-judgment interest to Plaintiffs and Class

6 | members, as provided by law;

7 |       H.      Grant an injunction against Defendants from engaging in the unlawful and

   | wrongful conduct set forth herein; and,

8 |       I.       Grant such other and further relief as this Court deems necessary.

9 |

10 |       DATED this 16ᵗʰ day of March, 2018.

11 |

12 | **REKHI & WOLK, P.S.**                          **DEFIANCE LAW  PLLC**

13 | By: */s/ Hardeep S. Rekhi, WSBA #34579*          By: */s/ Kevin Smith WSBA #48578*
    | Hardeep S. Rekhi, WSBA #34579                    Kevin Smith, WSBA #48578
14 | Gregory A. Wolk, WSBA #28946                     1115 Tacoma Avenue South
    | 529 Warren Ave N., Suite 201                     Tacoma, Washington 98402
15 | Seattle, Washington 98109                        Telephone: (253) 507-4769
    | Telephone: (206) 388-5887                        Email: k.smith@defiance.law
16 | Facsimile: (206) 577-3924
    | Email: hardeep@rekhiwolk.com
17 |        greg@rekhiwolk.com

18 |                              *Attorneys for Plaintiffs*

19 |

20 |

21 |

22 |

23 |

CLASS ACTION COMPLAINT - 11

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Exh. A - Complaint
Page 015 of 19