1

2

3

4

5

6

7   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

8

| | |
|---|---|
| RALEIGH JOHNSON and JENNIFER HOWSE, on their own behalf and on behalf of all others similarly situated, | No. 18-2-06456-8 |
| Plaintiffs, | NOTICE OF FILING NOTICE OF REMOVAL |
| v. | |
| MULTICARE HEALTH SYSTEM, a Washington non-profit corporation, | |
| Defendant. | |

9

10

11

12

13

14

15

16   TO:        RALEIGH JOHNSON and JENNIFER HOWSE, Plaintiffs

17   AND TO:    Hardeep S. Rekhi and Gregory A. Wolk of Rekhi & Wolk, and Kevin Smith of
              Definace Law PLLC, Attorneys for Plaintiff

18

19        PLEASE TAKE NOTICE that on May 15, 2018, Defendant MultiCare Health System

20   ("Defendant"), filed a Notice of Removal of Action to Federal Court with the United States

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

NOTICE OF FILING NOTICE OF REMOVAL - 1

96752727.1 0023502-00205

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

EXHIBIT A, PAGE 4 OF 26

1   District Court for the Western District of Washington at Tacoma, Case No. 3:18-cv-05384.

2   Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal.

3

4   DATED: May 15, 2018.

STOEL RIVES LLP

5

6

7                           Timothy J. O'Connell, WSBA No. 15372
                            Christopher T. Wall, WSBA No. 45873
8                           Ryan R. Jones, WSBA No. 52566
                            600 University Street, Suite 3600
9                           Seattle, WA 98101
                            Telephone: 206-624-0900
10                          Facsimile: 206-386-7500
                            Email: tim.oconnell@stoel.com
11                          Email: christopher.wall@stoel.com
                            Email: ryan.jones@stoel.com
12
                            Attorneys for Defendant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF FILING NOTICE OF REMOVAL - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 15, 2018, I served the attorneys listed below via messenger:

3

4

Hardeep S. Rekhi
Gregory A. Wolk
REKHI & WOLK, P.S.
529 Warren Ave N. Suite 201
Seattle, WA  98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
Email: hardeep@rekhiwolk.com
Email: greg@rekhiwolk.com

5

6

7

8

Kevin Smith
DEFIANCE LAW PLLC
1115 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 507-4769
Email: k.smith@defiance.law

9

10

11

12

*Attorneys for Plaintiff*

13

DATED:  May 15, 2018 at Seattle, Washington.

14

15

16

STOEL RIVES LLP

17

18

_____

19

Debbie Dern, Legal Practice Assistant

20

21

22

23

24

25

26

NOTICE OF FILING NOTICE OF REMOVAL - 3

96752727.1 0023502-00205

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

EXHIBIT A, PAGE 6 OF 26

# EXHIBIT A

["

1   Complaint, Exhibit A, the Summons, Exhibit B, the Order Assigning Case, Exhibit C, and the

2   Civil Cover Sheet, Exhibit D, filed concurrently herewith.

3       2.      Defendant was served with the lawsuit on April 24, 2018.

4       3.      This Notice is being filed with this Court within thirty (30) days after Defendant

5   was notified of the lawsuit.

6       4.      To the best of Defendant's knowledge, no further proceedings, process, pleadings,

7   orders, or other papers have been filed or served in the State Court Action.

8       5.      In the State Court Complaint, Plaintiffs allege that they are paid in fifteen minute

9   increments, rounded to the nearest fifteen minutes, and that doing so allegedly violates the law.

10      6.      Paying to the nearest fifteen minutes is required by the collective bargaining

11  agreement between Defendant and the union for Plaintiffs, the United Food and Commercial

12  Workers, Local 21. Plaintiffs' claims therefore arise under Section 301 of the Labor

13  Management Relations Act, 29 U.S.C. § 185.

14      6.      Accordingly, this court has original subject matter jurisdiction over the above-

15  entitled action pursuant to 28 U.S.C. § 1331. The above-entitled action may be properly

16  removed to this United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446(a).

17      7.      Defendant does not waive any defense to the Complaint, including but not limited

18  to lack of service, improper service, or lack of personal jurisdiction.

19      8.      The Western District of Washington is the judicial district embracing the place

20  where this action is pending. 28 U.S.C. § 128(b).

21      9.      Pursuant to LCR 101(e), Defendant states that no basis exists for reassigning this

22  case to the Seattle Division pursuant to the assignment criteria listed in LCR 3(d).

23      10.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be

24  served on the Plaintiffs and filed with the Clerk of the Superior Court for the State of

25  Washington for Pierce County.

26

NOTICE OF REMOVAL - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1    WHEREFORE, Defendant notices the removal of this case to the United States

2  District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a).

3    DATED:  May 15, 2018.

STOEL RIVES LLP

4

5

6    *s/ Timothy J. O'Connell*
     *s/ Christopher T. Wall*
     *s/ Ryan R. Jones*

7    Timothy J. O'Connell, WSBA No. 15372
     Christopher T. Wall, WSBA No. 45873
8    Ryan R. Jones, WSBA No. 52566
     600 University Street, Suite 3600
9    Seattle, WA  98101
     Telephone:  206-624-0900
10   Facsimile:  206-386-7500
     Email:  tim.oconnell@stoel.com
11   Email:  christopher.wall@stoel.com
     Email:  ryan.jones@stoel.com
12
     Attorneys for Defendant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties in the above case listed below:

I further hereby certify that on May 15, 2018, I served the attorney listed below via messenger:

Hardeep S. Rekhi
Gregory A. Wolk
REKHI & WOLK, P.S.
529 Warren Ave N. Suite 201
Seattle, WA  98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
Email: hardeep@rekhiwolk.com
Email: greg@rekhiwolk.com

Kevin Smith
DEFIANCE LAW PLLC
1115 Tacoma venue South
Tacoma, WA 98402
Telephone: (253) 507-4769
Email: k.smith@defiance.law

*Attorneys for Plaintiff*

DATED:  May 15, 2018 at Seattle, Washington.

STOEL RIVES LLP

Debbie Dern, Legal Practice Assistant

NOTICE OF REMOVAL - 4

96752832.1 0023502-00205

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 16 2018 1:30 PM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06456-8

1

2

3

4

5

6

7  IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

8  IN AND FOR PIERCE COUNTY

9  RALEIGH JOHNSON and JENNIFER HOWSE,
on their own behalf and on the behalf of all
10 others similarly situated,                           NO.

11            Plaintiffs,              **CLASS ACTION COMPLAINT**

12  v.

13 MULTICARE HEALTH SYSTEM, a
Washington non-profit corporation.

14            Defendant.

15        Plaintiffs RALEIGH JOHNSON and JENNIFER HOWSE ("Plaintiffs"), individually

16 and on behalf of all others similarly situated, by and through their attorneys of record, for their

17 complaint against Defendant MULTICARE HEALTH SYSTEM ("Defendant") hereby state and

18 allege as follows:

19                    **I.    INTRODUCTION**

20        Plaintiffs bring this action on behalf of themselves and those similarly situated against

21 Defendant to recover unpaid wages, including unpaid overtime wages, exemplary damages,

22 interest, and attorneys' fees and costs, and to obtain injunctive relief. Plaintiffs seek to redress

23 the unlawful effects of Defendant MultiCare Health System's policies and practices of failing to

CLASS ACTION COMPLAINT - 1

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1  compensate its employees who are non-exempt and similarly situated to Plaintiffs from overtime
2  for missed rest periods, failing to provide such employees with statutorily required uninterrupted
3  meal breaks while automatically deducting time worked for such purported meal breaks. Such
4  policies and practices, as alleged below, all violate Washington law.  Plaintiffs bring this action
5  to remedy Defendant's willful violations of Washington wage laws against its employees who
6  are not exempt from overtime and similarly situated to Plaintiffs.

7                               **II.    PARTIES**

8      2.1     Plaintiffs Johnson and Howse are individuals residing in Spanaway and Tacoma
9  Washington, respectively. Plaintiff Johnson worked for Defendant in Tacoma, Washington from
10 2005 to November 2017 and Plaintiff Howse has worked for Defendant in Tacoma, Washington
11 since 2014 to the present. Both Plaintiffs have been hourly, non-exempt Washington employees
12 of Defendant who have been employed by Defendant within three years of the date of this
13 complaint.

14     2.2     Defendant, MultiCare Health System, is a non-profit Washington Corporation
15 that provides medical services in facilities throughout Washington State, including in Pierce
16 County. Defendant has employed Plaintiffs and the proposed class members in the state of
17 Washington.

18                        **III. JURISDICTION AND VENUE**

19     3.1     Jurisdiction and venue are proper as the alleged acts occurred in Pierce County,
20 Washington, and all parties have availed themselves of the laws of Washington state. The claims
21 asserted in this complaint are brought solely under state law causes of action and are governed
22 exclusively by Washington law.

23

CLASS ACTION COMPLAINT - 2

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    3.2    Defendant is a citizen of Washington for purposes of the Class Action Fairness

2    Act. Federal jurisdiction is inappropriate under the Class Action Fairness Act because of

3    Defendant's Washington citizenship and two-thirds or more of the members of the proposed

4    plaintiff Class in the aggregate are citizens of Washington. Defendant transacts business in Peirce

5    County, Washington.

6                                    **IV.    FACTS**

7    4.1    Defendant is a medical services provider that provides a variety of medical

8    services throughout Washington State, including but not limited to King County. Defendant

9    operates Tacoma General Hospital ("TGH") in Tacoma, Washington.

10    4.2    Washington law requires Defendant to (1) accurately track the number of hours

11    its non-exempt employees work and (2) pay its non-exempt employees for all hours worked.

12    Defendant uses an electronic timekeeping system.

13    4.3    Defendant employs phlebotomists. Phlebotomists are non-exempt employees of

14    Defendant working at TGH, including but not exclusively at the "Lab Phlebotomy TGH"

15    Department at TGH. Phlebotomists have jobs titles including but not limited to "phlebotomist,"

16    "lab assistant / phlebotomist," "phlebotomist / lab aide," and "medical lab technician."

17    Phlebotomists are responsible for, among other things, obtaining blood specimens from patients

18    at TGH.

19    4.4    Defendant requires phlebotomists to use an electronic timekeeping system to track

20    the start and end of their shifts.

21    4.5    Plaintiffs and other phlebotomists at TGH have generally been scheduled to work

22    10 hour shifts per day, with one 30-minute unpaid meal period automatically deducted from their

23    pay per shift.

CLASS ACTION COMPLAINT - 3

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    4.6    Defendant requires that phlebotomists do not to punch in or punch out at the

2    beginning and end of their meal breaks.

3    4.7    Defendant requires that phlebotomists do not to punch in or punch out at the

4    beginning and end of their rest breaks.

5    4.8    Defendant automatically deducts 30 minutes of compensable work time for a

6    purported meal break for every five hours worked by phlebotomists from their total hours worked

7    in lieu of tracking meal periods.

8    4.9    Defendant requires phlebotomists to remain on premises ready to respond to

9    patient and doctor needs while purportedly taking meal and rest breaks.

10    4.10    Defendant requires phlebotomists to be available for calls during break times,

11    including carrying employer issued mobile phones at all times.

12    4.11    Defendant's staff at TGH have routinely interrupted Plaintiffs' purported meal

13    and rest breaks to perform work because Defendant has not had staff to backfill or float to

14    accommodate Plaintiffs' meal and rest breaks.  On information and belief, this was and remains

15    a policy and practice common to all proposed Class members.

16    4.12    Plaintiffs and other phlebotomists are often not compensated for their meal and

17    rest breaks even when they report a missed meal or rest break.

18    4.13    Plaintiffs and other phlebotomists consistently missed and continue to miss breaks

19    required by WAC 296-126-092. Contrary to state law, such non-exempt employees are not

20    compensated for missed breaks.

21    4.14    Defendant's "overtime approval" policy strongly discourages phlebotomists to

22    record overtime work without prior management approval.

23

CLASS ACTION COMPLAINT - 4

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    4.15    As a result of Defendant's "overtime approval" policy, Plaintiffs and other
2    phlebotomists have frequently not received overtime when they worked more than 40 hours a
3    week.

4    4.16    As a result of Defendant's "overtime approval" policy, Plaintiffs and other
5    phlebotomists have frequently worked through their meal and rest breaks without compensation
6    in order to meet Defendant's job requirements.

7    4.17    Defendant's policy requires that paid time for phlebotomists be rounded in 7-
8    minute increments. For example, when a phlebotomists clocks in at 10:53 a.m. for a shift
9    scheduled at 11:00 a.m., the time keeping system would report that s/he started working at 11:00
10   a.m., accordingly denying the employee 7 minutes of compensable time. If the employees had a
11   shift that ended at 6:00 p.m. and clocked out at 6:07 p.m., the time keeping system would report
12   that the employees ended their shift at 6:00 p.m. which again leads to a shortfall in pay.

13   4.18    In theory, Defendant would round down a proposed Class member's time if s/he
14   clocked in 1-7 minutes after the scheduled shift, and Defendant would round up a proposed Class
15   member's time if s/he clocked in 7 minutes or less before their shift. Defendant's policy subjects
16   phlebotomists to written discipline for having even clocked in one minute late. This makes it very
17   difficult, if not impossible, for such employees to have their compensable time rounded in a
18   manner that is not beneficial just to Defendant and detrimental to themselves.   Therefore,
19   Defendant's time rounding practices are not neutral.

20   4.19    Defendant would prohibit and/or discourage Plaintiffs to clock out more than 7
21   minutes after the end of their shift. On information and belief, this was a policy and practice
22   common to all proposed Class members.

23

CLASS ACTION COMPLAINT - 5

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    4.20    Defendant's policy penalized Plaintiffs if they clocked in even one minute after

2 the start of their shift according to Defendant's tardy policy.  On information and belief, this was

3 a policy and practice common to all proposed Class members.

4    4.21    Defendant's policy prohibits employees from clocking out within seven minutes

5 before the end of their shift. On information and belief, this was a policy and practice common

6 to all proposed Class members.

7                    **V.    CLASS ALLEGATIONS**

8    5.1    Plaintiffs bring this case as a class action pursuant to Washington Civil Rule 23

9 on behalf of the following Class:

10        All Washington citizens who, at any time from three years prior to the
          filing of this Complaint through the date of final judgment, worked for
11        Defendant Multicare Health Systems at Tacoma General Hospital as
          phlebotomists, including but limited to those in the Phlebotomy Lab
12        department and/or in the Laboratory / Pathology job category.

13    5.2    Commonality: As enumerated above, Defendant engaged in common acts,

14 practices and policies that violated the Plaintiffs' and proposed Class members' rights under

15 Washington state wage and hour laws. Accordingly, Plaintiffs seek certification of the proposed

16 Class under CR 23.

17    5.3    Plaintiffs' claims meet the requirements for certification. There is a well-defined

18 community of interest in the litigation and the proposed Class members are readily

19 ascertainable.

20        a.    Numerosity: The proposed Class is so numerous that joinder of all

21 proposed Class members is infeasible and impractical. The membership of the proposed Class

22 is unknown to Plaintiffs at this time. However, based on Plaintiffs' investigation, and on

23 information and belief, the number of proposed Class members is reasonably estimated to

CLASS ACTION COMPLAINT - 6

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Exh. A - Complaint
Page 010 of 19

EXHIBIT A, PAGE 17 OF 26

1   exceed 40. The identity of proposed Class members is readily ascertainable from Defendant's

2   employment records.

3              b.      Typicality: Plaintiffs' claims are typical of the proposed Class.

4              1.      Plaintiffs were hourly, nonexempt employees. Defendant employed

5   Plaintiffs as phlebotomists.

6              2.      Plaintiffs' claims stem from the same practices or course of conduct that

7   form the basis of the class claims.

8              3.      All of the proposed Class members' claims are based on the same facts

9   and legal theories.

10             4.      There is no antagonism between Plaintiffs' interests and the proposed

11  Class members, because their claims are for damages provided to each individual employee by

12  statute.

13             5.      The injuries that Plaintiffs suffered are similar to the injuries that the

14  proposed Class members suffered and continue to suffer, and they are relatively small

15  compared to the expenses and burden of individual prosecutions of this litigation.

16             c.      Adequacy: Plaintiffs will fairly and adequately protect the interests of the

17  proposed Class because:

18             1.      There is no conflict between Plaintiffs' claims and those of their

19  proposed Class members.

20             2.      Plaintiffs acknowledge that they have an obligation to make known to

21  the Court any relationship, conflicts or differences with any proposed Class member.

22             3.      Plaintiffs agree to actively participate in the case and protect the interests

23  of the proposed Class members.

CLASS ACTION COMPLAINT - 7

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1        4.     Plaintiffs have retained counsel experienced in handling wage-and-hour

2  class actions who have already devoted substantial time and resources to investigating the

3  proposed Class members' claims and who will vigorously prosecute this litigation.

4        5.     Plaintiffs' claims are typical of the claims of proposed Class members in

5  that their claims stem from the same practice and course of conduct that forms the basis of the

6  class claims.

7        d.     Superiority: Class action adjudication is superior to other methods of

8  adjudication for at least the following reasons:

9        1.     The common questions of law and fact described below predominate

10  over questions affecting only individual members, and the questions affecting individuals

11  primarily involve calculations of individual damages.

12        2.     There is no antagonism between Plaintiffs' interests and the proposed

13  Class members, because their claims are for damages provided by statute.

14        f.     Public Policy Considerations: Certain employers in Washington

15  regularly violate wage and hour and other employment laws. The value of individual and

16  employee claims is often small as compared with the relative cost of litigation. Current

17  employees are often afraid to assert their rights out of fear of retaliation. Class actions provide

18  Class Members who are not named in the Complaint with a type of anonymity that allows for

19  the vindication of their rights, while at the same time, protection of their privacy.

20        g.     Predominance: There are questions of law and fact common to the

21  proposed Class members, which predominate over any issues involving only individual class

22  members, including but not limited to:

23

CLASS ACTION COMPLAINT - 8

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1        1.      Whether Defendant has a practice of failing to pay proposed Class

2  members for missed or shortened meal and rest breaks;

3        2.      Whether Defendant has a policy or practice of requiring proposed Class

4  members to remain on the work premises and to be on call during rest periods;

5        3.      Whether Defendant should be required to compensate proposed Class

6  members for every meal period because employees remain on-call, are not free to leave, and must

7  be available to respond to patient needs and emergencies;

8        4.      Whether proposed Class members are frequently required to work through

9  their meal and rest breaks due to working conditions;

10        5.      Whether proposed Class members were paid for all time worked;

11        6.      Whether proposed Class members were not paid the required time and

12  one-half the regular rate of pay for all hours worked over 40 hours as a result of missed meal and

13  rest periods and other work in violation of Washington law;

14        7.      Whether Defendant failed to promptly pay all wages due to Plaintiffs and

15  other proposed Class members who are former employees upon discharge or resignation of their

16  employment; and,

17        8.      Whether Defendant's conduct was willful or reckless.

18                **VI.     CAUSES OF ACTION**

19                **FIRST CAUSE OF ACTION**
         **(Failure to Pay Wages Owed in Violation of Washington Law)**
20

21      6.1     Plaintiffs reallege the above paragraphs of the Complaint and thereby incorporate

   the same by reference.
22

23      6.2     Defendant's practice of failing to provide or pay Plaintiffs and the proposed Class

   for all breaks deprived them of pay for all straight time and overtime hours actually worked, in

CLASS ACTION COMPLAINT - 9

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1    violation of Washington law, including RCW 49.12 *et seq.*, RCW 49.46.020, RCW 49.46.090,

2    RCW 49.46.130, RCW 49.52.050 and WAC 296-126-092.

3         6.3    Defendant further failed to pay Plaintiffs and the proposed Class for all time

4    worked;

5         6.4    As a result of Defendant's acts and omissions, Plaintiffs and the proposed Class

6    have been damaged in amounts to be proven at trial.

7

8
**SECOND CAUSE OF ACTION**
**(Willful Withholding of Wages in Violation of Washington Law)**

9         6.5    Plaintiffs reallege the above paragraphs of the Complaint and thereby incorporate

10   the same by reference.

11        6.6    The above acts by Defendant, based on its own policies and practices, were willful

12   and with the intent to deprive Plaintiffs and the proposed Class of all their wages owed, in

13   violation of RCW 49.52.050 and RCW 49.52.070, entitling Plaintiffs and the proposed Class to

14   compensatory damages, double damages, attorneys' fees, and costs.

15        6.7    As a result of Defendant's acts and omissions, Plaintiffs and the proposed Class

16   have been damaged in amounts to be proven at trial.

17

18
**VII:    PRAYER FOR RELIEF**

19        Wherefore, Plaintiffs, on their own behalf and on behalf of the members of the proposed

     Class, prays for judgment against Defendant as follows:

20        A.     Certify the proposed Class;

21        B.     Appoint Plaintiffs as Class representative;

22        C.     Appoint the undersigned attorneys as Class counsel;

23        D.     Declare that the actions complained of herein violate Washington's statutes and

CLASS ACTION COMPLAINT - 10

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1   administrative codes;

2       E.      Award Plaintiffs and Class members compensatory, liquidated, and exemplary

3   damages;

4       F.      Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;

5       G.      Award pre-judgment and post-judgment interest to Plaintiffs and Class

6   members, as provided by law;

7       H.      Grant an injunction against Defendants from engaging in the unlawful and

    wrongful conduct set forth herein; and,

8       I.      Grant such other and further relief as this Court deems necessary.

9

10      DATED this 16ʰ day of March, 2018.

11

12  **REKHI & WOLK, P.S.**                        **DEFIANCE LAW  PLLC**

13  By: */s/ Hardeep S. Rekhi, WSBA #34579*        By: */s/ Kevin Smith WSBA #48578*
    Hardeep S. Rekhi, WSBA #34579                 Kevin Smith, WSBA #48578
14  Gregory A. Wolk, WSBA #28946                   1115 Tacoma Avenue South
    529 Warren Ave N., Suite 201                   Tacoma, Washington 98402
15  Seattle, Washington 98109                      Telephone: (253) 507-4769
    Telephone: (206) 388-5887                      Email:  k.smith@defiance.law
16  Facsimile: (206) 577-3924
    Email:  hardeep@rekhiwolk.com
17          greg@rekhiwolk.com

18                          *Attorneys for Plaintiffs*

19

20

21

22

23

CLASS ACTION COMPLAINT - 11

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Exh. A - Complaint
Page 015 of 19
EXHIBIT A, PAGE 22 OF 26

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 16 2018 1:30 PM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06456-8

1

2

3

4

5

6

7              IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

8                        IN AND FOR PIERCE COUNTY

9   RALEIGH JOHNSON and JENNIFER HOWSE,
    on their own behalf and on the behalf of all
10  others similarly situated,                          NO.

11                   Plaintiffs,                        **SUMMONS**

12       v.

13  MULTICARE HEALTH SYSTEM, a
    Washington non-profit corporation.
14
                     Defendant.
15
    TO:    MULTICARE HEALTH SYSTEM
16
              A lawsuit has been started against you in the above-entitled court by the above-named
17
    Plaintiffs.  Plaintiffs' claim are stated in the written complaint, a copy of which is served upon
18
    you with this summons.
19
              In order to defend against this lawsuit, you must respond to the complaint by stating your
20
    defense in writing, and by serving a copy upon the undersigned attorneys for Plaintiffs within
21
    20 days after service of this summons, excluding the day of service, or a default judgment may
22
    be entered against you without notice.  A default judgment is one where the Plaintiffs are entitled
23
    to what has been asked for because you have not responded.  If you serve a notice of appearance

                                                        **Rekhi & Wolk, P.S.**
                                                        529 Warren Ave N., Suite 201
                                                        Seattle, WA  98109
    SUMMONS - 1                                         Phone: (206) 388-5887
                                                        Facsimile: (206) 577-3924

1  on the undersigned law firms, you are entitled to notice before a default judgment may be

2  entered.

3      You may demand that the Plaintiffs file this lawsuit with the Court.  If you do so, the

4  demand must be in writing and must be served upon the person signing this summons. Within

5  14 days after you serve the demand, the Plaintiffs must file this lawsuit with the court or the

6  service on you of this summons and complaint will be void.

7      If you wish to seek the advice of any attorney in this matter, you should do so promptly

8  so that your written response, if any, may be served on time.

9      THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10  State of Washington.

11      DATED this 16th day of March, 2018

12

13  **REKHI & WOLK, P.S.**                    **DEFIANCE LAW  PLLC**

14  By: */s/ Hardeep S. Rekhi, WSBA #34579*      By: */s/ Kevin Smith WSBA #48578*
    Hardeep S. Rekhi, WSBA #34579              Kevin Smith, WSBA #48578
15  Gregory A. Wolk, WSBA #28946               1115 Tacoma Avenue South
    529 Warren Ave N., Suite 201               Tacoma, Washington 98402
16  Seattle, Washington 98109                  Telephone: (253) 507-4769
    Telephone: (206) 388-5887                  Email:  k.smith@defiance.law
17  Facsimile: (206) 577-3924
    Email:  hardeep@rekhiwolk.com
18          greg@rekhiwolk.com

19                          *Attorneys for Plaintiffs*

20

21

22

23

SUMMONS - 2

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

EXHIBIT A, PAGE 24 OF 26
Page 017 of 19

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 16 2018 1:30 PM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06456-8

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR PIERCE COUNTY

| | |
|---|---|
| RALEIGH JOHNSON<br>    Plaintiff(s)<br><br>            vs.<br><br>MULTICARE HEALTH SYSTEM<br>    Defendant(s) | NO. **18-2-06456-8**<br><br>**ORDER ASSIGNING CASE TO JUDICIAL DEPARTMENT AND SETTING REVIEW HEARING DATE(PCLR3/PCLR40)**<br><br>Judge: **K. A. van Doorninck**<br>Department: **20**<br>Docket Code: **ORACD** |

**Notice to Plaintiff/Petitioner(s):**
* Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department
  on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5)
  court days of filing.
* Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial
  Department within five (5) court days of the Defendant(s)/Respondent(s) first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date by noon at least six (6) court days prior to the date fixed for the mandatory hearing date set out below.

> If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.
>
> **Mandatory Hearing Date: July 13, 2018 at 9:00 AM**
>
> At the time of this mandatory hearing , the Court may provide you with a Case Schedule which may include the trial date, if necessary. Failure to appear on this date may result in dismissal of the case by the Court.

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

| | |
|---|---|
| March 16, 2018 | K. A. van Doorninck |
| Date | Department 20 |

linxcrt/supAdmin/oracd.rptdesign

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 16 2018 1:30 PM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06456-8

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
### CASE COVER SHEET / CIVIL CASE

Case Title RALEIGH JOHNSON VS. MULTICARE HEALTH SYSTEM

Case Number 18-2-06456-8

Atty/Litigant Hardeep S Rekhi

Bar# 34579    Phone (206) 388-5887

Address 529 Warren Ave N Ste 201

City SEATTLE    State WA    Zip Code 98109

Email Address

Please check one category that best describes this case for indexing purposes.
*If you cannot determine the appropriate category, Please describe the cause of action below.  This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___Breach of Contract, Commercial Non-Contract
   or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
   Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
   Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
   Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
___Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
___Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
   (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
✔ Compel/Confirm Bind Arbitration, Deposit of
   Surplus Funds, Interpleader, Subpoenas, Victims'
   Employment Leave, or Wireless Number Disclosure,
   Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
   Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
___Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS** Wage and Hour Class Action